UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PEAK SERUM, INC. | ) | Case No. 19-19802 JGR |
| EIN: 47-2816472 | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| _____ | ) | |
| IN RE: | ) | |
| | ) | Case No. 19-19803 JGR |
| THOMAS KUTRUBES | ) | |
| SSN: XX-XXX-5948 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | (Jointly Administered) |

**LIMITED OBJECTION OF ATLAS BIOLOGICALS, LLC TO DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL**

Atlas Biologicals, Inc., ("***Atlas***") judgment creditor of the above-captioned debtor and debtor-in-possession (the "***Debtor***"), hereby files this limited objection to the Debtor's *Motion for Authority to Use Cash Collateral On An Interim and Final Basis* [Docket No. 5] and *Supplement* thereto [Docket No. 44] ("***Cash Collateral Motion***"), and respectfully states as follows:

1. The Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code ("***Case***") on November 13, 2019 ("***Petition Date***"), and it remains a debtor-in-possession.

2. Atlas is a judgment creditor of the Debtor as well as its principal, Thomas John Kutrubes ("***Kutrubes***"), who is a debtor in Case No. 19-19803 JGR. Atlas received a judgment in its favor and against the Debtor and Kutrubes (jointly and severally) on September 23, 2019, in the United States District Court for the District of Colorado in the amount of $2,048,180.50 ("***Judgment***"). The Judgment is based upon Atlas's claims against the Debtor and Kutrubes for federal trademark infringement; Colorado common law trademark and trade name infringement; misappropriation of trade secrets; and breach of fiduciary duty.

3. Atlas does not object to the Debtors' use of cash collateral or entry of an Order authorizing same, pursuant to its Cash Collateral Motion.

4. However, the budget attached as Exhibit A to the Supplement to Motion for Authority to Use Cash Collateral, filed on December 3, 2019 ("**Budget**"), contains questionable and inflated expenses, and fails to provide appropriate detail and reconciliation mechanisms.

5. For example, the Budget contains a line item to spend at least $10,000 in travel expenses for company employees (and its principal) to travel to Mexico for a trip in January, 2020 ("**Mexico Trip**"). The Debtor did not specifically disclose this Mexico Trip in its original budget. The Budget also fails to explain who is going on this trip to Mexico - is the Debtor paying for Kutrubes' spouse (or other non-employees) to go on this trip?

6. The Debtor claims it is too late to ask for a $10,000 refund on the Mexico Trip because it is within 45 days of departure, but it certainly was not too late to seek a refund of that the deposit on the Petition Date. Kutrubes let that deadline pass without seeking a refund, hoping the Court would allow him and his employees take a company-paid vacation while not servicing debt. The inability to obtain a refund for a portion of the Mexico Trip is not cause for a chapter 11 debtor to spend at least $10,000 more post-petition on this trip, undertaken on the back of its creditors. The Court should not set such a poor precedent for future debtors (or this Debtor) and allow this expense to stand.

7. Further, the Debtor was working with its bankruptcy counsel for at least one month prior to the Petition Date. Thus, it was well aware prior to the alleged refund deadline that a company seeking chapter 11 protection from its creditors, when it is not paying a multi-million dollar judgment owed to Atlas predicated upon its bad acts, should not be spending significant cash on extravagant items such as the Mexico Trip which do not further the Debtor's

reorganization. This is especially true since the Budget forecasts that after six months, it expects to earn a profit of only $18,637.00, and will lose money in four of the six months covered by the Budget, with the Debtor expecting only $949.00 in profits for April, 2020.

8. On November 15, 2019, Atlas requested that the Debtor provide more detail and explanation regarding its original budget filed with the Cash Collateral Motion. The Debtor did not reply until December 2, 2019. The Debtor did not file a reconciliation of its budget for November, 2019 as requested (or back up documents evidencing the payment of those expenses), so Atlas cannot tell how the Debtor performed in November, 2019 (the Debtor states it will provide a reconciliation before the hearing on December 10, 2019). The Debtor did not specify the travel, meals, car, and lodging expense for Kutrubes, as requested. The Debtor did not provide a copy of its 401k plan and the details as to monthly contributions, as requested. The Debtor did not explain why it needs DISH television at its office.

9. The newly filed Budget to the Cash Collateral Motion raises additional questions. It reflects Kutrubes will earn over $19,000 per month, an extravagant sum for this insolvent Debtor. Kutrubes, who upon information and belief formulated the Budget, will earn roughly $114,000.00 over the next six months, while the Debtor's net profit will total only $18,637.00, an amount which is approximately equal to only one month of Kutrubes' pay. The Budget - and Kutrubes' salary - are inflated and unjustified under these circumstances, and Kutrubes' salary and distribution amounts should be substantially lowered for the benefit of the Debtor and the estate. At this inflated pay scale, it appears the only party benefiting from use of cash collateral will be Kutrubes, not the Debtor.

10. The Debtor also intends to pay for employee gym memberships, unspecified home office expenses, phones, contracted services, roughly $10,000 per month on travel, meals,

advertising, lodging, cars and gas. The "adjustments to ending cash" on page 2 of the Budget should also be explained, and the large serum purchases contemplated in December, 2019 should be more fully described.

11. The Court should also place traditional reporting safeguards on the Debtor's ability to use cash collateral. Presently, the Debtor has no obligation to provide monthly budget reconciliations on its use of cash collateral, so that parties in interest can gauge its operating performance.

12. As a result of the foregoing, the Court should not approve the Budget as submitted and rather, should require the Debtor to submit a more modest and prudent budget (with reporting and reconciliation requirements) while it proceeds in chapter 11.

Dated: December 3, 2019         Respectfully submitted,

**SPENCER FANE LLP**

By:  */s/ David M. Miller*
David M. Miller, #17915
1700 Lincoln Street, Suite 2000
Denver, CO 80203
Ph. (303) 839-3800
Fax (303) 839-3838
e-mail: dmiller@spencerfane.com

*Counsel for Atlas Biologicals, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 4, 2019, a copy of the foregoing on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED. R. BANKR. P. and the L.B.R. at the following addresses:

US Trustee
Attn: Alison Goldenberg
Byron G. Rogers Federal Bldg.
1961 Stout St., Ste. 12-200
Denver, CO 80294-1961

Peak Serum, Inc.
6598 Buttercup Dr., Unit 3
Wellington, CO 80549

Thomas Kutrubes
3602 Voyager Lane
Fort Collins, CO 80528

Aaron Garber
2580 W. Main St., Ste. 200
Littleton, CO 80120

Michael C. Payne
5586 W. 19th St., Ste. 2000
Greeley, CO 80634

*/s Nancy Schacht*
Nancy Schacht