UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 19-19802-JGR |
| PEAK SERUM, INC. ) | |
| EIN: 47-2816472 ) | Chapter 11 |
| ) | JOINTLY ADMINISTERED |
| Debtor. ) | |
| ) | |
| IN RE: ) | |
| ) | Case No. 19-19803-JGR |
| THOMAS KUTRUBES ) | |
| SSN: XXX-XX-5948 ) | |
| ) | |
| Debtor. ) | |

## SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO CONVERT CASES TO SUB-CHAPTER V CASES OR IN THE ALTERNATIVE TO ALLOW DISMISSAL AND REFILING OF CASES

The Debtors, Peak Serum, Inc. ("Peak") and Thomas Kutrubes ("Mr. Kutrubes," collectively referred to as the "Debtors"), by and through their attorneys, Wadsworth Garber Warner Conrardy, P.C., for their Supplemental Brief in Support of Motion to Convert Cases to Sub-Chapter V Cases or in the Alternative to Allow Dismissal and Refiling of Cases respectfully state as follows:

1. A survey of the bankruptcy cases shows bankruptcy courts throughout the county have been allowing debtors to convert existing Chapter 11 cases to Sub-Chapter V of the Bankruptcy Code.

2. Below is a survey of the cases identified by Debtors' counsel. First discussed are the cases that allowed for the conversion.

3. The Courts in *In re Twin Pines, LLC,* No. 19-10295-jll (Bankr. D.N.M. Apr. 30, 2020) and *In re* Deirdre *Ventura,* 2020 WL 1867898 (Bankr. E.D. N.Y. Apr. 10, 2020) both held the Small Business Reorganization Act of 2019 ("SBRA") permits a conversion of a Chapter 11 case to a case under Sub-Chapter V. The Court in *In re Twin Pines, LLC* allowed for deadlines to be modified to allow for the Sub-Chapter V case to proceed in an orderly fashion. *Twin Pines, LLC*, slip op at 8-10. The court in *In re Deirdre Ventura* explained "since there is no prohibition

provided by Congress, the Court finds that it is within the Court's discretion to reset the timelines to allow the Debtor to avail herself of the newly enacted law that was not at her disposal" at the time the case was initiated. *Deidre Ventura* at *9.

4. The Court in *In re Progressive Solutions, Inc.* 2020 WL 975464 (Bankr. C.D. Calf. February 21, 2020) held that amendment of a bankruptcy petition is permitted to allow a case to convert under Sub-Chapter V pursuant to Fed. R. Bankr. P. 1009(a).

5. The Court in *In re: Moore Properties of Person County, LLC* 2020 WL 995544 (M.D.N.C. February 28, 2020) allowed for conversion of a Chapter 11 to Sub-Chapter V, holding property rights are not impacted by the conversion since most provision of Chapter 11 are included in Sub-Chapter V and Rule 1009 allows for the amendment.

6. Similar to this case, the Court in *In re Body Transit, Inc.*, 613 B.R. 400 (Bankr, E.D. Pa. 2020) allowed a Chapter 11 case to convert to a case under Sub-Chapter V of the Bankruptcy Code notwithstanding that a motion to appoint a trustee is pending. The Court adopted the holdings of *In re Progressive Solutions, Inc.* and *In re: Moore Properties of Person County*. The Court agreed with *In re Progressive Solutions, Inc.* that: (a) the legislative history supported allowing conversion; (b) the canon of statutory construction supports allowing conversion; and (c) the Court's ability to reschedule matters effected by the conversion supports conversion. *In re Body Transit, Inc.*, 613 at 405. With respect to the holding in *In re: Moore Properties of Person County*, the *Body Transit* Court noted:

> Employing this analytic framework, *Moore Properties* held that the application of subchapter V "does not alter the rubric under which debtors may affect pre-petition contractual rights of creditors, much less vested property rights," *id.* at *4, and therefore may be applied in chapter 11 cases pending at the time of the SBRA's effective date.
>
> The court observed that the main thrust of subchapter V involves several modifications of the requirements for confirmation of a plan of reorganization: the elimination of the requirement that at least one (1) impaired class accept the proposed plan, and the alteration of the definition of "fair and equitable" for classes of unsecured creditors and interests (by substituting the disposable income requirement in lieu of the absolute priority rule under § 1129(b)(2)(B) and (C)). Moore Properties held that these changes do not effect an "impermissible retroactive taking. ... [at least in cases that are not] sufficiently advanced that the substantive alterations in the requirements for plan confirmation arise to a taking of a vested property rights." 2020 WL 995544, at *5.10

> Next, the court found that the debtor met the amended definition of "small business debtor" in 11 U.S.C. § 101(51D). Consequently, Moore Properties held that, as a qualified small business, the debtor could elect to proceed under subchapter V. Therefore the court overruled the bankruptcy administrator's objection to the Debtor's election to proceed under subchapter V.

*In re Body Transit, Inc.*, 613 at 406-07

7. Lastly, the Court explained that the creditor's motion for appointment of a trustee was not an impediment to conversion to Sub-Chapter V.

> First Bank depicts the Debtor not merely as an entity that is violating its obligations as debtor-in-possession, but, more fundamentally, as a failing, unprofitable business with no hope of reorganizing. If the picture painted by First Bank is correct (and the parties have not yet had the opportunity to make a record on these questions), it is unlikely that it would be in the best interests of the bankruptcy estate to put a trustee in possession of the Debtor's assets for the purpose of operating the business until a plan of reorganization can be proposed. It is far more likely that the Debtor's post-petition problems, if not cured expeditiously, would result in a conversion to chapter 7 or dismissal. Thus, the prejudice that First Bank fears from its inability to have a § 1104 trustee-in-possession appointed seems largely hypothetical.
>
> In short, in the absence of a particularized showing and based on the present circumstances of this case, First Bank has not met its burden of showing the level of prejudice required to override the Debtor's right to amend its petition under Fed. R. Bankr. P. 1009. Consequently, the Motion will be granted and First Bank's objection to the Debtor's election to proceed under subchapter V will be overruled.

*In re Body Transit, Inc.*, 613 at 409-10

8. Following along the same line of reasoning, the Court in *In re: Bellow,* 2020 WL 1503460 (Bankr. E.D. Mich. March 27, 2020) allowed a Debtor to convert to Sub-Chapter V.

9. These cases can be compared to *In re Double H Transportation LLC*, 2020 WL 2549850 (Bankr. W.D. Tex. March 5, 2020) where the Court denied a conversion to Sub-Chapter V, stating the deadlines did not permit conversion and the SBRA does not permit retroactive applicability.

10. Based upon the proceeding, the majority of Bankruptcy Courts permit a debtor to convert a Chapter 11 case to a Sub-Chapter V case.

WHEREFORE, the Debtors respectfully requests that the Court grant the relief requested in the Motion to Convert Cases to Sub-Chapter V Cases or in the Alternative to Allow Dismissal and Refiling of Cases and grant such further and additional relief that the Court may deem just and proper.

Dated: May 26, 2020    Respectfully submitted,

By: /s/ Aaron A. Garber
    Aaron A. Garber #36099
    **Wadsworth Garber Warner Conrardy, P.C.**
    2580 West Main Street, Suite 200
    Littleton, CO 80120
    Telephone: (303) 296-1999
    Telecopy: (303) 296-7600
    Email: agarber@wgwc-law.com

## CERTIFICATE OF SERVICE

 The undersigned certifies that on May 26, 2020, I served via ECF a copy of the **SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO CONVERT CASES TO SUB-CHAPTER V CASES OR IN THE ALTERNATIVE TO ALLOW DISMISSAL AND REFILING OF CASES** on all parties against whom relief is sought and those otherwise entitled to service pursuant to FED.R.BANKR.P. and these L.B.R. at the following addresses:

Alison Goldenberg Alison.Goldenberg@usdoj.gov, janice.hensen@usdoj.gov
Kimberly L. Martinez kmartinez@markuswilliams.com, sschaefer@markuswilliams.com;janderson@markuswilliams.com;docket@markuswilliams.com
Barry Meinster bmeinster@meinster.com
David M. Miller dmiller@spencerfane.com, nschacht@spencerfane.com
Peter Q Murphy pmurphy@markuswilliams.com, docket@markuswilliams.com;syoung@markuswilliams.com
Kevin S. Neiman kevin@ksnpc.com
Michael C. Payne mpayne@cp2law.com, jpepper@cp2law.com
Andrew B. Reid andrew@reid.law
US Trustee USTPRegion19.DV.ECF@usdoj.gov

            */s/ Nichole Garber*
            For Wadsworth Garber Warner Conrardy, P.C.