# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| PEAK SERUM, INC., | ) |
| | ) CASE NO. 19-19802 JGR |
| Debtor. | ) CHAPTER 11 |
| | ) |
| ─────────────────── | ) |
| | ) |
| JAY RODERICK, Chapter 11 Trustee, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| JPMORGAN CHASE & CO., | ) ADV. CASE NO. |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

# COMPLAINT

Jay Roderick, Chapter 11 trustee ("Trustee"), for his complaint (this "Complaint") states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Trustee is the duly appointed Chapter 11 trustee in the underlying bankruptcy case.

2. Defendant JPMorgan Chase & Co., its subsidiaries and affiliates ("Chase") is a Delaware corporation doing business in Colorado with its principal place of business located at 383 Madison Ave., New York, NY 10179.

3. The court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and the automatic referral of bankruptcy matters to this Court under D.COLO.LCivR. 84.1(a).

4. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (H).

5. Venue is proper under 28 U.S.C. §§ 1408 and/or 1409.

6. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

7. Trustee consents to entry of final orders and judgment by this Court.

## GENERAL ALLEGATIONS

8. On November 13, 2019 (the "Petition Date"), Peak Serum, Inc. ("Debtor") filed its Voluntary Petition pursuant to Chapter 11 of Title 11, U.S.C. ("Bankruptcy Code") in the United States Bankruptcy Court for the District of Colorado, commencing Case No. 19-19802 JGR ("Bankruptcy Case").

9. Trustee was appointed as the Chapter 11 trustee for Debtor's estate on December 14, 2020.

10. Trustee investigated Debtor's affairs in accordance with the Bankruptcy Code.

11. On Debtor's Amended Schedule F, it listed Chase with a nonpriority unsecured claim.

12. Through his investigation, Trustee discovered that Debtor paid Chase at least $39,500.00 within ninety (90) days of the Petition Date. The foregoing amounts along with any additional payments made within the ninety (90) days prior to the Petition Date are collectively defined as the "Transfers."

## CLAIM FOR RELIEF

### (Avoidance and Recovery of the Transfer under 11 U.S.C. §§ 547(b), 550)

13. Trustee incorporates the previous allegations of the Complaint as if fully set forth herein.

14. The Transfers were made to or for the benefit of Chase.

15. At the time of the Transfers, Chase was a creditor of Debtor.

16. The Transfers were made for or on account of an antecedent debt owed by Debtor before such Transfers were made.

17. The Transfers were made while Debtor was insolvent.

18. The Transfers were made on or within ninety (90) days prior to the Petition Date.

19. The Transfers enabled Chase to receive more than Chase would have received if (a) Debtor's case were a case under Chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) Chase received payment of the purported debt owed by Debtor to the extent provided by the provisions of the Bankruptcy Code.

20. The Transfers were a preferential transfer pursuant to Bankruptcy Code § 547(b).

21. Because the Transfers were preferential, Trustee may avoid the Transfers under the provisions of Bankruptcy Code § 547(b).

22. Pursuant to Bankruptcy Code § 550, Trustee may recover the Transfers, or the value thereof, from Chase as the initial transferee, the entity for whose benefit such transfer was made, and/or as the immediate or mediate transferee of such initial transferee.

## ALTERNATIVE CLAIM FOR RELIEF
### (Avoidance and recovery of transfers for constructive fraud)
### (11 U.S.C. §§ 548, 544(b)(1) and 550 C.R.S. § 38-8-105(1)(b)(II))

23. Trustee incorporates the previous allegations of the Complaint as if fully set forth herein.

24. Upon information and belief, at all times relevant hereto, and with respect to each of the Transfers, there existed at least one unsecured creditor of Debtor that held and continues to hold both an allowable claim against the Bankruptcy Estate and a valid cause of action against Debtor for constructive fraud pursuant to CUFTA § 38-8-105(1)(b)(II).

25. Debtor did not receive reasonably equivalent value in exchange for any of the Transfers.

26. At the time of each of the Transfers, Debtor intended to incur, or believed or reasonably should have believed that he would incur debts beyond his ability to pay as they became due.

27. At the time of each of the Transfers, Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was unreasonably small capital.

28. Debtor was insolvent at the time of the Transfers or became insolvent as result of the Transfers.

29. As a result of the foregoing, Trustee is entitled to a judgment avoiding the Transfers, directing that the Transfers be set aside, and recovering the Transfers, or the value thereof, from Chase for the benefit of the Bankruptcy Estate.

30. Under 11 U.S.C. §550(a), when a transfer is avoided under 11 U.S.C. §§ 544 or 548, the trustee, with a court order, may recover, for the benefit of the estate, the value of the transfer which was avoided.

WHEREFORE, Trustee requests that the Court enter judgment in his favor and against Chase for (a) avoidance of the Transfer pursuant to Bankruptcy Code § 547(b), or alternatively pursuant to 11 U.S.C. §§548, 544 and Colo. Rev. Stat. § 38-8-105; (b) recovery of the Transfer, or the value thereof, pursuant to Bankruptcy Code § 550; and (c) granting such other relief as the Court deems appropriate.

DATED: December 8, 2021.

*/s/ Katharine S. Sender*
Katharine S. Sender, #47925
Cohen & Cohen, P.C.
1720 S. Bellaire, Suite 205
Denver, CO 80222
(303) 933-4529
Fax: 1-866-230-8268
ksender@cohenlawyers.com