# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 19-19802-JGR |
| PEAK SERUM, INC. | ) | |
| EIN: 47-2816472 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | **)** | |

---

## PLAN OF LIQUIDATION FOR PEAK SERUM, INC.
## DATED JULY 28, 2023

---

# TABLE OF CONTENTS

**Page**

Article I Definitions.................................................................................................................. 4

Article II Unclassified Claims .................................................................................................. 14

    2.1    Administrative Claims............................................................................. 14
    2.2    Professional Fee Claims .......................................................................... 14
    2.3    Priority Tax Claims ................................................................................. 14
    2.4    U.S. Trustee Fees.................................................................................... 15

Article III Classification and Treatment of Claims and Interests ................................................ 15

    3.1    Introduction ............................................................................................ 15
    3.2    Voting; Presumptions ............................................................................. 15
    3.3    Summary of Classification of Claims and Interests ................................. 16
    3.4    Treatment of Claims and Interests .......................................................... 16
    3.5    Cramdown .............................................................................................. 18
    3.6    Elimination of Vacant Classes................................................................ 18
    3.7    Votes Solicited in Good Faith ................................................................ 18

Article IV Means for Implementation of the Plan ..................................................................... 19

    4.1    General Provisions Regarding Funding.................................................... 19
    4.2    General Settlement of Claims and Interests............................................. 19
    4.3    Plan is Motion to Liquidate Assets.......................................................... 19
    4.4    Termination of Directors, Officers, and/or Managers of the Debtor .................... 19
    4.5    Amendment of Debtor's Certificates and Agreements............................. 19
    4.6    Cancellation of Interests ......................................................................... 20
    4.7    Authority ................................................................................................ 20
    4.8    Preservation of Rights of Action ............................................................ 20

Article V Provisions Governing Distributions ........................................................................... 21

    5.1    Distributions to be Made on the Effective Date ....................................... 21
    5.2    Post-Effective Date Cash Distributions ................................................... 21
    5.3    Means of Cash Payment.......................................................................... 21
    5.4    Delivery of Distribution ......................................................................... 21
    5.5    Fractional Dollars; De Minimis Distributions ......................................... 22
    5.6    Withholding and Reporting Requirements............................................... 22
    5.7    Duty to Disgorge Overpayments............................................................. 22
    5.8    Undeliverable Distribution Reserve ........................................................ 22
    5.9    Distribution from Undeliverable Distribution Reserve ............................ 23

Article VI Procedures for Resolving Disputed, Contingent, and Unliquidated Claims ................ 23

    6.1    Objection Deadline; Prosecution of Objections ...................................... 23
    6.2    No Distributions Pending Allowance ...................................................... 24

Article VII Treatment of Executory Contracts and Unexpired Leases......................................... 24

Article VIII Conditions Precedent to the Effective Date ................................................... 24

Article IX Effects of Confirmation ................................................................................... 25
    9.1    Discharge ................................................................................................... 25
    9.2    Legal Binding Effect ................................................................................. 25
    9.3    Exculpation ................................................................................................ 25
    9.4    Insurance ................................................................................................... 26

Article X Retention of Jurisdiction .................................................................................. 26
    10.1    Retention ................................................................................................. 26

Article XI Miscellaneous Provisions ................................................................................ 28
    11.1   Revocation, Withdrawal or Non-Consummation ..................................... 28
    11.2   Severability of Plan Provisions ................................................................ 28
    11.3   Exemption from Transfer Taxes and Recording Fees .............................. 28
    11.4   Expedited Tax Determination ................................................................... 29
    11.5   Interest Accrual ........................................................................................ 29
    11.6   Rules of Interpretation; Computation of Time ......................................... 29
    11.7   The Acquisition Assets Are Not A Successor .......................................... 29
    11.8   Plan Supplement ....................................................................................... 30
    11.9   Reservation of Rights ............................................................................... 30
    11.10  Further Assurances ................................................................................... 30
    11.11  Successors and Assigns ........................................................................... 30
    11.12  Notice of Effective Date .......................................................................... 30
    11.13  Entire Agreement ..................................................................................... 30
    11.14  Waiver of Stay .......................................................................................... 30

Article XII Modification of The Plan ................................................................................ 31

Article XII Confirmation Request ..................................................................................... 31

## INTRODUCTION

Jay Roderick, Chapter 11 Trustee, for Peak Serum, Inc., debtor in the above-captioned bankruptcy case, proposes the following plan of liquidation under Section 1121(a) of the Bankruptcy Code for the Debtor.

Claims against, and Interests in, the Debtor will be treated as set forth herein. Reference is made to the Disclosure Statement accompanying the Plan, including the exhibits thereto, for a more complete history of the Debtor, its operations, a description of the Debtor's financial condition, and a summary and analysis of the Plan. There are also other agreements and documents, which will be filed with the Bankruptcy Court, that are referenced in the Plan or the Disclosure Statement as exhibits and schedules. All such exhibits and schedules are incorporated into, and are a part of, the Plan as if set forth in full herein.

**ALL HOLDERS OF CLAIMS OR INTERESTS ARE ENCOURAGED TO READ THE PLAN, THE DISCLOSURE STATEMENT, AND OTHER ACCOMPANYING DOCUMENTS CAREFULLY AND IN THEIR ENTIRETY. ALL HOLDERS OF CLAIMS ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN ARE ENCOURAGED TO READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY AND IN THEIR ENTIRETY BEFORE VOTING ON THE PLAN. TO THE EXTENT OF ANY DISCREPANCIES BETWEEN THE PROVISIONS OF THE DISCLOSURE STATEMENT AND THE PROVISIONS OF THE PLAN, THE PROVISIONS OF THE PLAN SHALL CONTROL.**

**THE INFORMATION IN THE DISCLOSURE STATEMENT WAS PROVIDED SOLELY BY THE DEBTOR TO HOLDERS OF CLAIMS OR INTERESTS FOR PURPOSES OF SOLICITING VOTES TO ACCEPT OR REJECT THE PLAN. NOTHING IN THE DISCLOSURE STATEMENT WAS PROVIDED BY ANY OF THE PLAN PROPONENTOTHER THAN THE DEBTOR.**

## ARTICLE I

## DEFINITIONS

The terms set forth in this <u>Article I</u> shall have the following meanings when used in initially capitalized form in the Plan. Any term used in initially capitalized form in the Plan that is not defined herein but that is defined in the Bankruptcy Code shall have the meaning assigned to such term in the Bankruptcy Code. Such meanings shall be equally applicable to both the singular and plural forms of such terms.

1.1     **1933 Act** means the Securities Act of 1933, 15 U.S.C. §§ 77c-77aa, as now in effect or hereafter amended, any rules and regulations promulgated thereunder, or any similar federal, state, or local law.

1.2     **Acquisition Assets** means subject to the terms and conditions set forth herein, at the

4

Closing, Debtor shall sell, assign, transfer, convey and deliver to Purchaser, and Purchaser shall purchase from Debtor, as a good faith purchaser within the meaning of 11 U.S.C. § 363(m), free and clear of all Claims and Encumbrances other than Permitted Encumbrances to the fullest extent permissible under Section 363(f) of the Bankruptcy Code, and subject to the entry of the Sale Order, all of Debtor's right, title and interest in, to and under all of the assets, properties and rights of every kind and nature, whether real, personal or mixed, tangible or intangible (including goodwill), wherever located and whether now existing or hereafter acquired (other than the Excluded Assets), which relate to, or are used or held for use in connection with, the Business (collectively, the "**Purchased Assets**"), including, without limitation, the following:

> (a) all accounts or notes receivable held by Seller, and any security, claim, remedy or other right related to any of the foregoing ("**Accounts Receivable**");

> (b) all inventory, finished goods, raw materials, work in progress, packaging, supplies, parts and other inventories ("**Inventory**");

> (c) all Contracts, including Intellectual Property Agreements, set forth in the Disclosure Schedules (the "**Assigned Contracts**");

> (d) all Intellectual Property Assets;

> (e) all furniture, fixtures, equipment, machinery, tools, vehicles, office equipment, supplies, computers, telephones and other tangible personal property (the "**Tangible Personal Property**");

> (f) all Leased Real Property, including any deposits made under any Leases;

> (g) all Permits, including Environmental Permits, which are held by Seller and required for the conduct of the Business as currently conducted or for the ownership and use of the Purchased Assets, including, without limitation, those listed in the Disclosure Schedules (the "**Assigned Permits**");

> (h) all customer lists and supplier lists used in the conduct of the Business;

> (i) all rights to any Actions of any nature available to or being pursued by Seller to the extent related to the Business, the Purchased Assets or the Assumed Liabilities, whether arising by way of counterclaim or otherwise, including all Avoidance Actions;

> (j) all prepaid expenses, credits, advance payments, claims, security, refunds, rights of recovery, rights of set-off, rights of recoupment, deposits, charges, sums and fees (including any such item relating to the payment of Taxes);

> (k) all of Seller's rights under warranties, indemnities and all similar rights against third parties to the extent related to any Purchased Assets;

> (l) all insurance benefits, including rights and proceeds, arising from or relating to the Business, the Purchased Assets or the Assumed Liabilities;

**(m)** originals, or where not available, copies, of all books and records, including, but not limited to, books of account, ledgers and general, financial and accounting records, machinery and equipment maintenance files, customer lists, customer purchasing histories, price lists, distribution lists, supplier lists, production data, quality control records and procedures, customer complaints and inquiry files, research and development files, records and data (including all correspondence with any Governmental Authority), sales material and records (including pricing history, total sales, terms and conditions of sale, sales and pricing policies and practices), strategic plans, internal financial statements, marketing and promotional surveys, material and research and files relating to the Intellectual Property Assets and the Intellectual Property Agreements ("**Books and Records**");

**(n)** all goodwill and the going concern value of the Business; and

**(o)** all Claims to the extent related to the Purchased Assets or Assumed Liabilities, including all Claims arising under chapter 5 of the Bankruptcy Code (i) against counterparties who are party to (or Affiliates of a party to) any Assigned Contract, (ii) otherwise arising under or related to the Purchased Assets, or (iii) against Buyer (or Buyer's Affiliates); provided, that Seller retains the right to assert any such Claims as a defense or objection to proofs of claim asserted against Seller or its bankruptcy estate in the Bankruptcy Case.

**1.3** **Acquisition Note** means the promissory note issued by Purchaser and secured by the Acquisition Assets, in the face amount of $500,000.00 payable by Purchaser following manner. The Purchaser will pay 300,000.00 at closing; then $100,000.00 on October 31, 2024 and $100,000.00 on October 31, 2025.

**1.4** **Administrative Claim** means a Claim for payment of an administrative expense of the kind specified in §§ 503(b) or 1114(e)(2) of the Bankruptcy Code and entitled to priority pursuant to Bankruptcy Code § 507(a)(2), including Professional Fee Claims and U.S. Trustee Fees.

**1.5** **Administrative Claims Initial Bar Date** means the date set by Order of the Court as the last date for filing applications for allowance of certain Administrative Claims incurred before [_____], 2023 that are in an amount in excess of $[        ], which date is [_____], 2023.

**1.6** **Administrative Claims Final Bar Date** means, with respect to Administrative Claims arising after the Administrative Claims Initial Bar Date but on or before the Effective Date, the date that is thirty (30) days after the Effective Date, which is the last date by which any Persons must have filed an application for allowance of Administrative Claims against any Debtor or be forever barred from asserting such Administrative Claim.

**1.7** **Allowed** means, with reference to a Claim or any portion thereof: (a) a Claim against the Debtor, proof of which, if required, was Filed on or before the Bar Date (or with respect to an Administrative Claim, the Administrative Claims Initial Bar Date or the Administrative Claims Final Bar Date, as applicable), which is not a Disputed Claim and where the Claim Objection Deadline has not passed; (b) if no Proof of Claim was so Filed, a Claim against the Debtor which has been or hereafter is listed by the Debtor in the Bankruptcy Schedules as liquidated in amount and not disputed or contingent and on account of which payment has not been made; or (c) a Claim allowed hereunder or by a Final Order. An Allowed Claim does not include any Claim, or portion thereof, which is a

6

Disallowed Claim or which has been subsequently withdrawn, disallowed, released or waived by the holder thereof or pursuant to a Final Order. Unless otherwise specifically provided in the Plan, or by a Final Order of the Bankruptcy Court or otherwise allowed under applicable bankruptcy law, an Allowed Claim shall not include any amount for punitive or exemplary damages, penalties, fines, postpetition interest, attorney's fees or other costs.

       **1.8**      **Allowed Amount** means the amount of any Allowed Claim.

       **1.9**      **Avoidance Actions** means any and all rights, claims and causes of action which a Trustee, the Debtor, or other appropriate party in interest would be able to assert on behalf of the Estates under applicable state statutes or the avoidance provisions of chapter 5 of the Bankruptcy Code, including actions under one or more of the provisions of Bankruptcy Code §§ 506, 542 through 551, and 553.

       **1.10**      **Ballot** means each of the ballot forms distributed with the Disclosure Statement to holders of Impaired Claims entitled to vote on the Plan, in which the holder is to indicate acceptance or rejection of the Plan in accordance with the voting instructions and to make any other elections or representations required pursuant to the Plan or the Disclosure Statement Order.

       **1.11**      **Bankruptcy Code** means title 11 of the United States Code, as amended.

       **1.12**      **Bankruptcy Court** means the United States Bankruptcy Court for the District of Colorado.

       **1.13**      **Bankruptcy Rules** means the Federal Rules of Bankruptcy Procedure, the Official Bankruptcy Forms, and the Federal Rules of Civil Procedure, each as now in effect or as hereafter amended, to the extent applicable to these Cases or proceedings therein, as the case may be.

       **1.14**      **Bankruptcy Schedules** means the schedules of assets and liabilities, lists of executory contracts and unexpired leases, statements of financial affairs, and related information Filed by the Debtor pursuant to Bankruptcy Code § 521 and Bankruptcy Rule 1007, as same may be amended, supplemented or modified from time to time.

       **1.15**      **Bar Date** means March 25, 2020, the date set by order of the Bankruptcy Court as the last day for filing: (a) any Proof of Claim for a prepetition Claim or Interest in the Cases; and (b) applications for allowance of certain Administrative Claims pursuant to Section 503(b)(9) and notices pursuant to Local Rule 9013-1.1.

       **1.16**      **Business Day** means any day, excluding Saturdays, Sundays, or "legal holidays" (as referenced in Bankruptcy Rule 9006(a)), on which commercial banks are open for business in New York, New York.

       **1.17**      **Case** means the above-captioned chapter 11 case.

       **1.18**      **Cash** means the legal currency of the United States of America.

**1.19** __Causes of Action__ means any and all rights, claims, causes of action, litigation, suits, proceedings, rights of setoff, rights of recoupment, complaints, defenses, counterclaims, cross-claims and affirmative defenses of any kind or character whatsoever whether known or unknown, asserted or unasserted, reduced to judgment or otherwise, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, secured or unsecured, assertable directly or derivatively, currently existing or hereafter arising, whether Scheduled or not Scheduled and whether arising under the Bankruptcy Code or other applicable law, in contract or in tort, in law, in equity or otherwise, based in whole or in part upon any act or omission or other event occurring, prior to the Petition Date or during the course of the Case, to and including the Effective Date, including, but not limited to, (a) claims pursuant to Bankruptcy Code § 362,

(b) claims and defenses such as fraud, mistake, duress and usury, (c) claims under Bankruptcy Code § 510(c), and (d) all Avoidance Actions.

**1.20** __Claim__ means a claim, whether or not asserted or Allowed, as defined in Section 101(5) of the Bankruptcy Code.

**1.21** __Claim Objection Deadline__ means no later than 4:00 p.m. prevailing Mountain Time on the first Business Day following three (3) months after the Effective Date.

**1.22** __Claims Litigation__ means any objection to any Claim filed pursuant to Bankruptcy Rule 3007, or any valuation motion or Adversary Proceeding commenced pursuant to either Section 502(b) or 506 of the Bankruptcy Code (seeking to determine the validity, priority or extent of any Claim asserting a Lien upon Estate property).

**1.23** __Class__ means all of the holders of Claims or Interests with respect to the Debtor having characteristics substantially similar to the other Claims or Interests with respect to the Debtor and which have been designated as a Class in the Plan.

**1.24** __Collateral__ means any property or interest in property of the Debtor's Estate subject to a valid, enforceable Lien that secures the payment or performance of any Claim, which Lien is not subject to avoidance and is not otherwise invalid under the Bankruptcy Code or other applicable law.

**1.25** __Confidentiality Agreements__ means all confidentiality agreements addressing the treatment of confidential information of the Debtor into which the Debtor and other parties entered prior to the Effective Date.

**1.26** __Confirmation__ means the occurrence of the Confirmation Date on the Bankruptcy Court's docket.

**1.27** __Confirmation Date__ means the date on which the Confirmation Order is entered on the docket in the Cases within the meaning of Bankruptcy Rules 5003 and 9021.

**1.28** __Confirmation Hearing__ means the hearing before the Bankruptcy Court at which the Bankruptcy Court will consider the Confirmation of the Plan pursuant to Section 1128 of the Bankruptcy Code, as such hearing may be adjourned or continued from time to time.

**1.29** **Confirmation Order** means the Order entered by the Bankruptcy Court confirming the Plan pursuant to Section 1129 of the Bankruptcy Code.

**1.30** **Convenience Class** means a Class of holders of General Unsecured Claims where each such holder's Claims are in an Allowed aggregate amount against Debtor of $3,000 or less.

**1.31** **Convenience Class Claim** means the Claim of a Creditor in the Convenience Class, which Claim shall equal the aggregate amount of all General Unsecured Claims held by such creditor against all Debtor; provided, for the avoidance of doubt, that in no event shall a Convenience Class Claim be greater than $3,000.

**1.32** **Creditor** means a holder of a Claim.

**1.33** **Debtor** means Peak Serum, Inc. as debtor in the above captioned bankruptcy case.

**1.34** **Disallowed Claim** means a Claim, or any portion thereof, that (a) has been disallowed by a Final Order, (b) is Scheduled at zero or as contingent, disputed, or unliquidated and as to which no Proof of Claim or request for payment has been Filed or deemed timely Filed by the applicable Bar Date, or (c) is not Scheduled and as to which no Proof of Claim or request for payment has been Filed or deemed timely Filed by the applicable Bar Date.

**1.35** **Disclosure Statement** means the Disclosure Statement which is approved by the Bankruptcy Court according to Section 1125 of the Bankruptcy Code to be utilized to solicit votes for the Plan, including all exhibits and schedules thereto, as amended, supplemented or modified from time to time.

**1.36** **Disclosure Statement Hearing** means the hearing before the Bankruptcy Court for the Bankruptcy Court to consider, among other things, the adequacy of the information provided in the Disclosure Statement.

**1.37** **Disclosure Statement Order** means an Order of the Bankruptcy Court approving the Disclosure Statement as containing adequate information within the meaning of Section 1125 of the Bankruptcy Code.

**1.38** **Disputed Claim** means a Claim, or any portion thereof, that is set forth in a Filed Proof of Claim: (a) that (i) has not been Scheduled, or (ii) has been Scheduled at zero or as contingent, unliquidated or disputed, (b) that differs in nature, amount or priority from the Bankruptcy Schedules, or (c) that is the subject of an objection Filed by the Debtor, or the Trustee (as applicable) and such objection has not been withdrawn or overruled by a Final Order; provided, however, that with respect to an Administrative Claim, "Disputed Claim" means an Administrative Claim that has not been paid, that has not been Allowed by Final Order, or that is a Disallowed Claim.

**1.39** **Distribution** means the payment or distribution of Cash to the holders of Allowed Claims pursuant to the Plan.

**1.40**     **Distribution Schedule** means the schedule filed by the Trustee tabulating all holders of Allowed Claims entitled to receive Distributions under the Plan. This tabulation shall include the holder of the Claim, amount of the Claim, and percent of total Claims in the Class.

**1.41**     **Effective Date** means the later of (a) the first Business Day on which all conditions precedent to the effectiveness of the Plan have been satisfied or waived as provided in the Plan, and (b) such other date agreed to by the Plan Proponent, not to exceed twenty-one (21) days after the date in (a).

**1.42**     **Estate** means the estate created for Debtor in its Case pursuant to Section 541 of the Bankruptcy Code.

**1.43**     **Exculpated Parties** means the Plan Proponent and the Purchaser.

**1.44**     **Face Amount** means (a) when used in reference to a Disputed or Disallowed Claim, the full stated amount claimed by the holder of such Claim in any Proof of Claim timely  Filed or otherwise deemed timely Filed by a Final Order or other applicable bankruptcy law (or  such lesser estimated amount approved by Order of the Bankruptcy Court), and (b) when used in  reference to an Allowed Claim, the Allowed Amount of such Claim.

**1.45**     **Fee Application** means an application to the Bankruptcy Court for allowance of a Professional Fee Claim pursuant to Bankruptcy Code § 330 and Bankruptcy Rule 2016(a).

**1.46**     **Filed** means filed with the clerk of the Bankruptcy Court.

**1.47**     **Final Order** means an order or judgment of the Bankruptcy Court or other court of competent jurisdiction entered on its docket which is and remains in full force and effect, has  not been modified, amended, reversed, faceted, or stayed, and as to which (a) the time to appeal,  petition for certiorari, or move for reargument, new trial, or rehearing has expired and as to which  no appeal, petition for certiorari, or other motion for reargument, new trial, or rehearing shall then  be pending; or (b) in the event that any appeal, writ of certiorari, reargument, new trial, or rehearing  thereof has been sought, such order or judgment shall have been affirmed by the highest court to   which such order was appealed, or certiorari has been denied, or reargument, new trial, or rehearing   has been denied or has resulted in no modification of such Order, and the time to take any further   appeal, petition for certiorari, or move for reargument, new trial, or rehearing shall have expired,  as a result of which such Order shall have become final in accordance with Rule 8002 of the  Federal Rules of Bankruptcy Procedure; provided, however, that no Order shall fail to be a Final  Order solely because of the possibility that a motion pursuant to Rule 60 of the Federal Rules of  Civil Procedure or any similar rule under the Federal Rules of Bankruptcy Procedure may be filed  with respect to such Order.

**1.48**     **Free and Clear** means free and clear of all Liens, Claims, Causes of Action, encumbrances, interests, claims, pledges, security interests, rights of setoff, restrictions or  limitation on use, successor liabilities, conditions, rights of first refusal, options to purchase,  obligations to allow participation, agreements or rights, rights asserted in litigation matters, rights   asserted in adversary proceedings in this Case, competing rights of possession, obligations to  lend, matters filed of record that relate to, evidence or secure an obligation of the Debtor or its Estate, and all expenses, and charges,

of any type under, among other things, any document, instrument, agreement, affidavit, matter filed of record, cause, or state or federal law, whether known or unknown, legal or equitable, and all liens, rights of offset, replacement liens, adequate protection liens, charges, obligations, or claims granted, allowed or directed in any Order.

**1.49** **General Account** means one or more general accounts (A) into which shall be deposited all funds not required or permitted to be deposited into any other account.

**1.50** **General Unsecured Claim** means any Claim that is not Secured or entitled to priority under the Bankruptcy Code or an order of the Bankruptcy Court, including any Claim arising from the rejection of an executory contract or unexpired lease under Section 365 of the Bankruptcy Code, other than Claims that are Convenience Class Claims or Section 510(b) Claims.

**1.51** **Governmental Authority** means any transnational, domestic or foreign federal, state or local, governmental unit, authority, department, court, agency or official, including any political subdivision thereof, or any tribal authority.

**1.52** **Impaired** means, when used with reference to a Claim or Interest, a Claim or Interest that is impaired within the meaning of Section 1124 of the Bankruptcy Code.

**1.53** **Interest** means an existing membership, stock, limited partnership, and/or Interest in any of the Debtor or equity security (within the meaning of Section 101(16) of the Bankruptcy Code) in any of the Debtor, including, without limitation, all issued, unissued, authorized or outstanding shares of stock, membership, limited partnership, or other Interests (including common and preferred) of any of the Debtor, together with any warrants, options, other derivative securities, convertible securities, liquidating preferred securities or contractual rights to purchase or acquire any such membership or Interests at any time and all rights arising with respect thereto.

**1.54** **Lien** means, with respect to any property or asset, any mortgage, lien, interest pledge, charge, security interest, encumbrance, mechanic's lien, materialman's lien, statutory lien or right, and other consensual or non-consensual lien, whenever granted and including, without limitation, those charges or interests in property within the meaning of "lien" under Bankruptcy Code § 101(37).

**1.55** **Local Rules** means the Local Bankruptcy Rules for the United Sates Bankruptcy Court for the District of Colorado, as now in effect or hereafter amended.

**1.56** **Order** means an order of the Bankruptcy Court or other court of competent jurisdiction, as applicable.

**1.57** **Other Priority Claim** means a Claim entitled to priority under Sections 507(a)(3), (4), (5), (6), (7), and/or (9) of the Bankruptcy Code.

**1.58** **Person** means a person, entity, or Governmental Authority of any nature whatsoever, specifically including an individual, firm, company, corporation, partnership, trust, joint venture, incorporated or unincorporated association, joint stock company, limited liability company, estate,

unincorporated organization or other entity or organization.

**1.59** **Petition Date** means the dates on which each of the Debtor filed its voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which date is November 13, 2019.

**1.60** **Plan** means this chapter 11 plan of liquidation, including the Plan Supplement and all exhibits, schedules, appendices, and supplements annexed hereto, as may be altered, amended, modified, or supplemented from time to time.

**1.61** **Plan Payment** means one payment of $20,000.00 made on the Effective Date. The Plan Payment shall be made by the Trustee.

**1.62** **Plan Proponent** means the Trustee.

**1.63** **Plan Supplement** means the compilation of documents and forms of documents, exhibits, schedules, appendices, and supplements to the Plan to be filed with the Bankruptcy Court not later than twelve (12) days prior to the Confirmation Hearing or such later date as may be approved by the Bankruptcy Court, as they may be altered, amended, modified, or supplemented from time to time.

**1.64** **Priority Tax Claim** means a Claim that is entitled to priority pursuant to Section 507(a)(8) of the Bankruptcy Code and shall include interest solely to the extent that the holder of such Claim is entitled to such interest under Section 507(a)(8) of the Bankruptcy Code.

**1.65** **Professional** means any Person (a) employed in the Cases pursuant to Sections 327, 328, or 1103 of the Bankruptcy Code and to be compensated for services rendered pursuant to Sections 327, 328, 329, 330, or 331 of the Bankruptcy Code or (b) seeking compensation and reimbursement pursuant to Section 503(b)(4) of the Bankruptcy Code.

**1.66** **Professional Fee Claim** means an Administrative Claim of a Professional for compensation for services rendered and/or reimbursement of costs and expenses incurred on and after the Petition Date through the Effective Date.

**1.67** **Proof of Claim** means a written statement setting forth a Creditor's Claim and conforming substantially to the appropriate official form.

**1.68** **Pro Rata** means the proportion that the amount of an Allowed Claim in a Class bears to the aggregate amount of all Claims in that Class, including Disputed Claims but excluding Disallowed Claims. For purposes of this calculation, the amount of a Disputed Claim will equal the lesser of (a) its Face Amount, and (b) the amount estimated as allowable by the Bankruptcy Court.

**1.69** **Purchaser** means Atlas Biologicals, Inc.

**1.70** **Related Persons** means, with respect to any Person, such Person's predecessors, successors, assigns (whether by operation of law or otherwise) including such Related Persons' respective heirs, executors, estates, servants, and nominees; provided, however, that no insurer of any Debtor shall constitute a Related Person.

**1.71**       **Reserve Cash** means all cash held by the Debtor on the Effective Date.

**1.72**       **Scheduled** means, with respect to any Claim or Interest, the status and amount, if any, of such Claim or Interest as set forth in the Bankruptcy Schedules.

**1.73**       **Section 510(b) Claim** means any Claim against a Debtor that is subordinated to a general unsecured claim under Bankruptcy Code § 510(b).

**1.74**       **Secured Claim** means (a) any Claim or portion thereof that is reflected in the Bankruptcy Schedules or a Proof of Claim as secured, or any Claim or portion thereof that is secured by a Lien granted by Order of the Bankruptcy Court for adequate protection, which is secured by a valid, perfected, and unavoidable security interest in, or Lien upon, any Collateral (or the net proceeds from the sale of such Collateral) in which a Debtor has an interest, to the extent of the value (net of any senior Lien or senior security interest) of such security interest or Lien as determined by a Final Order pursuant to Bankruptcy Code § 506 or as otherwise agreed upon in writing by the holder of such Claim and (i) the Debtor (if such agreement is effectuated prior to the Effective Date) or (ii) the Trustee (if such agreement is effectuated on or after the Effective Date); or (b) a Setoff Claim.

**1.75**       **Setoff Claim** means a Claim of a holder that has a valid right of setoff with respect to such Claim which right is enforceable under Section 553 of the Bankruptcy Code as determined by a Final Order or as otherwise agreed in writing by the holder of such Claim and (a) the Debtor (if such agreement is effectuated prior to the Effective Date), or (b) the Trustee (if such agreement is effectuated on or after the Effective Date), to the extent of the amount subject to such right of setoff.

**1.76**       **Trustee** means Jay Roderick, Chapter 11 Trustee.

**1.77**       **Undeliverable or Unclaimed Distribution** means a Distribution pursuant to the Plan that is either (a) attributable to a holder of an Allowed Claim in Classes 1-5 that has failed to prepare, execute and return an Internal Revenue Service Form W-9 if so requested, or (b) returned as undeliverable or otherwise unclaimed.

**1.78**       **Unimpaired** means, when used with reference to a Claim or Interest, a Claim or Interest that is not Impaired.

**1.79**       **U.S. Trustee Fees** means fees payable pursuant to 28 U.S.C. § 1930.

## ARTICLE II

## UNCLASSIFIED CLAIMS

**2.1**      **Administrative Claims**.  Except as otherwise provided herein, in full satisfaction, settlement, release, and discharge of, and in exchange for its Allowed Administrative Claim:

Each holder of an Allowed  Administrative  Claim shall (i)  be paid the  Allowed  Amount of  its Allowed  Administrative Claim in full in Cash by the Trustee, <u>first</u>, from Reserve Cash ], <u>second</u>, from the Acquisition Note as set forth in <u>Section 5.1</u> of the Plan or (ii) receive such  other less favorable treatment as may be agreed upon in writing by the Trustee, and such holder, each on the later of (a) the Effective Date or (b) fifteen (15) Business Days following the date such Claim  is Allowed by Final Order.

Except as otherwise set forth in this <u>Article II</u>, each holder of an Administrative Claim,  other than for U.S. Trustee Fees, shall be required to file with the Bankruptcy Court, and to serve  upon all parties required to receive notice, an application for allowance of such Administrative  Claim on or before the Administrative Claims Initial Bar Date or the Administrative Claims Final  Bar Date, as applicable, or be forever barred and discharged from doing so. The Administrative  Claims subject to the Administrative Claims Final Bar Date include (a) any right to payment,  whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent,  matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, and (b) any  right to an equitable remedy for breach of performance if such breach gives rise to a right to  payment, whether  or  not  such  right to an equitable remedy is reduced to judgment, fixed,  contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. An Administrative  Claim with respect to which an application has been properly and timely filed pursuant to this  <u>Section 2.1</u> shall be treated and paid as an Administrative Claim only to the extent allowed by  Final Order

**2.2**      **Professional Fee Claims**. Each Professional whose retention with respect to the Debtor's Case has been approved by the Bankruptcy Court, who is required by the terms of their engagement to file Fee Applications, and who holds or asserts an Administrative Claim that is a Professional Fee Claim shall be required to File with the Bankruptcy Court, and to serve on all  parties required to receive notice, a final Fee Application on or before the Administrative Claims  Final Bar Date. The failure to timely File the Fee Application shall result in the Professional Fee  Claim being forever barred and discharged.  A Professional Fee Claim with respect to which a Fee  Application has been properly and timely filed pursuant to this <u>Section 2.2</u> of the Plan shall be  treated and paid as an Administrative Claim only to the extent allowed by Final Order. No  Professional Fee Claims shall be allowed on account of any services rendered by a Professional  whose retention with respect to this Case has not been approved by the Bankruptcy Court.

**2.3**      **Priority Tax Claims**. Each holder of an Allowed Priority Tax Claim shall, in full satisfaction, release, and discharge thereof, receive: (a) such treatment as to which such holder  may agree with the Debtor; or (b) (i) payment in full of such Allowed Priority Tax Claim on the Effective Date, or (ii) treatment in accordance with the provisions of Section 1129(a)(9)(C) or 1129(a)(9)(D) of the Bankruptcy Code, as the case may be. To the extent that the Debtor elects to treat an Allowed  Priority Tax Claim in accordance with Sections 1129(a)(9)(C) or 1129(a)(9)(D) of the Bankruptcy  Code, payments shall be made in equal monthly payments commencing within thirty (30) days  after the date such

Allowed Priority Tax Claim becomes Allowed and ending no later than 60 months after the Petition Date.

     **2.4**    **U.S. Trustee Fees**. All unpaid U.S. Trustee Fees shall be paid in Cash in full on and after the Effective Date (or as soon as reasonably practicable after such fees become due) from Reserve Cash, as set forth in <u>Section 5.1</u> of the Plan.

**ARTICLE III**

**CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS**

     **3.1**    **Introduction**.

     The categories of Claims and Equity Interests set forth below classify Claims and Interests including, for purposes of voting on, confirmation of, and Distributions pursuant to the Plan and §§ 1122 and 1123(a)(l) of the Bankruptcy Code. A Claim or Interest shall be deemed classified in a particular Class only to the extent that it qualifies within the description of such Class, and shall be deemed classified in other Classes to the extent that any portion of such Claim or Interest qualifies within the description of such other Classes. Notwithstanding anything to the contrary in the Plan, a Claim or Interest shall be deemed classified in a Class only to the extent that such Claim or Interest has not been paid, released, waived, Disallowed, or otherwise settled prior to the Effective Date.

     The Plan constitutes a chapter 11 plan of liquidation for the Debtor, and the classification set forth in Classes 1 through 5 shall be deemed to apply to the Debtor.

     All Claims (except for Administrative Claims, Priority Tax Claims, and Professional Fee Claims, which are not classified pursuant to Section 1123(a)(l) of the Bankruptcy Code) and Interests are classified in Section 3.3 below.

     **3.2**    **Voting; Presumptions**.

     (a)        <u>Acceptance by Impaired Classes</u>. Each Impaired Class of Claims that will (or may) receive or retain property or any interest in property under the Plan shall be entitled to vote to accept or reject the Plan. An Impaired Class of Claims shall have accepted the Plan if: (i) the holders (other than any holder designated under Section 1126(e) of the Bankruptcy Code) of at least two-thirds in amount of the Allowed Claims actually voting in such Class have voted to accept the Plan and (ii) the holders (other than any holder designated under Section 1126(e) of the Bankruptcy Code) of more than one-half in number of the Allowed Claims actually voting in such Class have voted to accept the Plan. An Impaired Class of Interests shall have accepted the Plan if the holders (other than any holder designated under Section 1126(e) of the Bankruptcy Code) of at least two-thirds in amount of the Allowed Interests actually voting in such Class have voted to accept the Plan.

     **(b)**        <u>Voting Presumptions</u>. Claims and Interests in Unimpaired Classes are conclusively deemed to have accepted the Plan pursuant to Section 1126(f) of the Bankruptcy Code and, therefore, are not entitled to vote to accept or reject the Plan. Claims and Interests in Classes that do not

15

entitle the holders thereof to receive or retain any property under the Plan are conclusively deemed to have rejected the Plan pursuant to Section 1126(g) of the Bankruptcy Code and, therefore, are not entitled to vote to accept or reject the Plan.

3.3    **Summary of Classification of Claims and Interests**.  The Claims against and Interests in the Debtor are classified as follows:

| **Class** | **Class Description** | **Status** | **Voting Rights** |
|---|---|---|---|
| Class 1 | Other Priority Claims | Unimpaired | Deemed to Accept |
| Class 2 | Secured Claim of First National Bank of Omaha | Unimpaired | Deemed to Accept |
| Class 3 | General Unsecured Claims | Impaired | Entitled To Vote |
| Class 4 | Convenience Class Claims | Unimpaired | Deemed to Accept |
| Class 5 | Interests | Impaired | Deemed to Reject |

3.4    **Treatment of Claims and Interests**.

(a)    **Class 1: Allowed Other Priority Claims**.

(i)    _Classification_: Class 1 consists of Other Priority Claims.

(ii)    _Treatment_: As soon as reasonably practicable after its Other Priority Claim is deemed Allowed, each holder of an Allowed Other Priority Claim against the Debtor's Estate shall receive Cash on the Effective Date equal to the Allowed Amount of such holder's Allowed Other Priority Claim. Each holder of an Allowed Other Priority Claim shall be indefeasibly paid from the Cash Reserve. The Cash payment shall be in exchange for and in full satisfaction and discharge of such holder's Allowed Other Priority Claim.

(iii)    _Voting_: Class 1 is Unimpaired by the Plan, and holders of Other Priority Claims are not entitled to vote to accept or reject the Plan and are conclusively deemed to have accepted the Plan under Section 1126(f) of the Bankruptcy Code.

(b)    **Class 2: Secured Claim of First National Bank of Omaha.**

(i)    _Classification_: Class 2 consists of Secured Claim of the First National Bank of Omaha.

(ii)    _Treatment_: As soon as reasonably practicable after its Secured Claim is deemed Allowed, each holder of an Allowed Secured Claim shall indefeasibly receive, Cash in the Allowed Amount of the Secured Claim, from the Reserve Cash or on the first payment on the Acquisitions Note

(iii) <u>Voting</u>: Class 2 is Unimpaired by the Plan, and holders of Secured Claim is not entitled to vote to accept or reject the Plan and are conclusively deemed to have accepted the Plan under Section 1126(f) of the Bankruptcy Code.

(c)     **<u>Class 3: General Unsecured Claims</u>**.

(i)     <u>Classification</u>:   Class 3  consists of General  Unsecured Claims.

(ii)   <u>Treatment</u>: Except to  the  extent a holder of a General Unsecured Claim agrees in writing to less  favorable treatment, in full and final satisfaction, compromise, settlement,   release, and discharge of, and in exchange for, each Allowed  General   Unsecured Claim,  each holder of an Allowed General Unsecured Claim  shall receive a Pro Rata share of the Plan Payment.

(iii) Voting: Class 3 is Impaired by the Plan. Holders of Allowed General Unsecured Claims are entitled to vote to accept or reject the Plan.

(d)     **<u>Class 4: Convenience Class Claims</u>**.

(i)     <u>Classification</u>:   Class 4 consists  of Convenience Class Claims.

(ii)     <u>Treatment</u>: Each holder of an Allowed Convenience  Class Claim shall receive on the later of the Effective Date and the date  that such holder's  Convenience  Class Claim  is  Allowed, Cash from the Reserve Cash or the first payment on the Acquisition Note, equal to the full Allowed  amount of such holder's Convenience Class Claim.

(iii)     <u>Voting</u>: Class 4 is unimpaired by the Plan, and holders of Convenience Class Claims are not entitled to vote to accept or reject the Plan and are conclusively deemed to have accepted the Plan under Section  1126(f) of the Bankruptcy Code.

(e)      **Class 5: Interests**.

        (i)      <u>Classification</u>: Class 5 consists of Interests in the Debtor.

        (ii)      <u>Treatment</u>: Holders of Interests in the Debtor shall not be entitled to receive any Distributions or retain any property under the Plan.

        (iii)      <u>Voting</u>: Class 5 is Impaired by the Plan. Each holder of an Interest in any Debtor will be conclusively deemed to have rejected the Plan pursuant to Section 1126(g) of the Bankruptcy Code. Therefore, each holder of Interests in the Debtor will not be entitled to vote to accept or reject the Plan.

**3.5**      **Cramdown**. If any Class of Claim or Interests entitled to vote on the Plan does not vote to accept the Plan, the Plan Proponent will (a) seek Confirmation of the Plan under Section 1129(b) of the Bankruptcy Code or (b) amend or modify the Plan in accordance with Article XV of the Plan. With respect to any Class of Claims or Interests that is deemed to reject the Plan, the Plan Proponent will request that the Bankruptcy Court confirm or "cram down" the Plan pursuant to Section 1129(b) of the Bankruptcy Code.

**3.6**      **Elimination of Vacant Classes**. Any Class of Claims that is not occupied as of the commencement of the Confirmation Hearing by an Allowed Claim or a Claim temporarily allowed under Bankruptcy Rule 3018 shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to Section 1129(a)(8) of the Bankruptcy Code.

**3.7**      **Votes Solicited in Good Faith**. The Plan Proponent has solicited votes on the Plan from the voting Classes in good faith and in compliance with the applicable provisions of the Bankruptcy Code. Accordingly, the Plan Proponent shall be entitled to, and upon the Confirmation Date are hereby granted, the protections of Section 1125(e) of the Bankruptcy Code.

## ARTICLE IV

## MEANS FOR IMPLEMENTATION OF THE PLAN

**4.1** **General Provisions Regarding Funding**. The Plan shall be funded by the Reserve Cash, payments from the Acquisition Note, and the Plan Payments

**4.2** **General Settlement of Claims and Interests**. As provided herein, pursuant to Section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the classification, Distributions, releases, and other benefits provided under the Plan, upon the Effective Date, the provisions of the Plan shall constitute a good faith compromise and settlement of all Claims and Interests and controversies resolved pursuant to the Plan. Subject to Article VII hereof, all Distributions made to Holders of Allowed Claims and Allowed Interests in any Class are intended to be and shall be final and indefeasible.

It is not the intent of the Plan Proponent that Confirmation of the Plan shall in any manner alter or amend any settlement and compromise between the Debtor and any Person that has been previously approved by the Bankruptcy Court (each, a "Prior Settlement"). To the extent of any conflict between the terms of the Plan and the terms of any Prior Settlement, the terms of the Prior Settlement shall control and such Prior Settlement shall be enforceable according to its terms.

**4.3** **Plan is Motion to Liquidate Assets**. The Plan shall be considered a motion pursuant to Sections 105 and 363 of the Bankruptcy Code to indefeasibly transfer and assign the Acquisition Assets to the Purchaser pursuant to 11 U.S.C. § 363(f), with the Purchaser's good faith purchaser status within the meaning of 11 U.S.C. § 363(m).

After the Effective Date, the Trustee may present such Order(s) or assignment(s) to the Bankruptcy Court, suitable for filing in the records of every county or governmental agency where the Acquisition Assets are or were located, which provide that such property is conveyed Free and Clear. The Order(s) or assignment(s) may designate all Liens, Claims, encumbrances, or other interests which appear of record and/or from which the property is being transferred and assigned Free and Clear. The Plan shall be conclusively deemed to be adequate notice that such Lien, Claim, encumbrance, or other interest is being extinguished, and no notice, other than by the Plan, shall be given prior to the presentation of such Order(s) or assignment(s). Any Person having a Lien, Claim, or encumbrance, against any Acquisition Assets shall be conclusively deemed to have consented to the transfer and assignment of such Acquisition Assets Free and Clear by failing to object to confirmation of the Plan, except as otherwise provided in the Plan.

**4.4** **Termination of Directors, Officers, and/or Managers of the Debtor**. Effective as of the Effective Date, all of the directors, officers, and/or managers of the Debtor shall be deemed terminated.

**4.5** **Amendment of Debtor's Certificates and Agreements**. On the Effective Date, the Debtor's limited liability company agreements may be amended and filed (both only as required) with the appropriate secretary of state's office on the Effective Date or as soon thereafter

as is reasonably practicable. All necessary action will be taken to prohibit the issuance of non-voting equity securities of the Debtor to the extent required by Section 1123 of the Bankruptcy Code.

**4.6** **Cancellation of Interests**. On the Effective Date, all Interests in the Debtor (including those Interests held in treasury by the Debtor) shall be terminated and extinguished and the certificates that previously evidenced ownership of those Interests shall be deemed cancelled (all without further action by any Person or the Bankruptcy Court) and shall be null and void and such certificates shall evidence no rights or interests in the Debtor.

**4.7** **Authority**. All actions and transactions contemplated under the Plan, including, but not limited to, any certificates, agreements or other documents to be executed in connection with the transfer and assignment of the interests in the Debtor's Assets shall be null and void and shall be authorized upon Confirmation of the Plan without the need of further approvals, notices or meetings of the Debtor's officers, managers, and/or members, other than the notice provided by serving the Plan on (i) all known holders of Claims and (ii) all current holders of Interests of the Debtor. All other corporate action on behalf of the Debtor as may be necessary to put into effect or carry out the terms and intent of the Plan may be affected, exercised, and taken without further action by the Debtor's officers, managers, and/or members with like effect as if effected, exercised, and taken by unanimous action of the officers, managers, and/or members of the Debtor. The Confirmation Order shall include provisions dispensing with the need of further approvals, notices or meetings of the Debtor or holders of Interests and authorizing and directing any officer, manager, or member of each respective Debtor to execute any document, certificate or agreement necessary to effectuate the Plan on behalf of such Debtor, which documents, certificates and agreements shall be binding on the Debtor, the Creditors, and all holders of Interests.

**4.8** **Preservation of Rights of Action**. All Causes of Action, rights of setoff and other legal and equitable defenses of the Debtor or its Estates are preserved for the benefit of the Assets unless expressly released, waived, or relinquished under the Plan or Confirmation Order. No Person may rely on the absence of a specific reference in the Plan or the Disclosure Statement to any Cause of Action against them as an indication that the Trustee will not pursue a Cause of Action against them, unless specifically released or limited by this Plan.

## ARTICLE V

## PROVISIONS GOVERNING DISTRIBUTIONS

**5.1     Distributions to be Made on the Effective Date**.

(a)      Except as otherwise provided herein or as ordered by the Bankruptcy Court, Distributions to be made on account of U.S. Trustee Fees, Allowed Administrative Claims, Allowed Priority Tax Claims, and Allowed Other  Priority Claims, as of the Effective Date, shall be indefeasibly made (subject to Section 7.8 hereof)  on or as soon as practicable after the Effective Date.

(b)      On the Effective Date, all Reserve Cash and the first payment on the Acquisitions Note shall be indefeasibly  distributed as follows:

(i)      First,  in full and complete payment of the Class 2 Allowed Claim;

(ii)      Second,  in full and complete payment of the US Trustee Fees and Priority Tax Claims;

(iii)      Third,  in full and complete payment of the Class 4 Claims; and

(iv)      Fourth,  pro rata, to the remaining allowed Administrative claims, including Professional Fee Claims.

(c)      The Plan Payment shall be distributed pro rata to the holders of Allowed General Unsecured Claims in Class 3.

**5.2      Post-Effective Date Cash Distributions**. Within thirty (30) days after each payment due on the Acquisition Note, Purchaser shall  make  indefeasible (subject to Section 7.8 hereof) Cash Distributions, solely in accordance with Article III of the Plan, as  follows:

**5.2.1**      First, pro rata to the Allowed Administrative Claims;  and

**5.2.2**      Second, after all Allowed Administrative Claims have been paid in full, Pro Rata to each holder of an Allowed General Claim to  the extent  of  the  Allowed  Amount  of  such  Allowed  General  Claim.

**5.3      Means of Cash Payment**.  Cash payments made pursuant to the Plan shall be in U.S. funds, by the means, including by check or wire transfer.

**5.4      Delivery of Distribution**. Distributions to holders of Allowed Claims shall be     made (a) at the addresses set forth on the Proofs of Claim Filed by such holders (or at the last known address of such holders if no Proof of Claim is Filed or if the Debtor have been notified  of a change of address),

(b) at the addresses set forth in any written notices of address changes delivered to the Trustee and the Purchasers (as applicable) after the date of any related Proof of Claim, or (c) if no Proof of Claim has been Filed and the Debtor and the Purchasers (as applicable) have not received a written notice of a change of address, at the addresses reflected in the Bankruptcy Schedules, if any. With respect to the payments made under the Plan by the Purchaser, within ninety (90) days after the Effective Date, the Trustee shall file with the Bankruptcy Court the Distribution Schedule, which shall be used by the Purchaser to make Payments.

       **5.5**    <u>**Fractional Dollars; De Minimis Distributions**</u>. Notwithstanding any other provision of the Plan, payments of fractions of dollars shall not be made. Whenever any payment of a fraction of a dollar under the Plan would otherwise be called for, actual payment made shall reflect a rounding of such fraction down to the nearest whole dollar. No payment of less than fifty dollars with respect to any Claim shall be made.

       **5.6**    <u>**Withholding and Reporting Requirements**</u>. In connection with the Plan and all Distributions hereunder, the Purchaser and Trustee shall, to the extent applicable, comply with all tax withholding and reporting requirements imposed by any federal, state, local, or foreign taxing authority, and all Distributions hereunder shall be subject to any such withholding and reporting requirements. The Purchaser and Trustee shall be authorized to take any and all actions that may be reasonably necessary or appropriate to comply with such withholding and reporting requirements.

       **5.7**    <u>**Duty to Disgorge Overpayments**</u>. To the extent that a Claim may be an Allowed Claim in more than one Class, the holder of such Claim shall not be entitled to recover more than the full amount of its Allowed Claim. The holder of an Allowed Claim that receives more than payment in full of its Allowed Claim shall immediately return any excess payments to the Purchaser. In the event that the holder of an Allowed Claim fails to return an excess payment, the Purchaser may bring suit against such holder for the return of the overpayment in the Bankruptcy Court or any other court of competent jurisdiction.

       **5.8**    <u>**Undeliverable Distribution Reserve**</u>.

               **5.8.1**    <u>**Establishment**</u>. The Purchaser and Trustee shall establish the Undeliverable Distribution Reserve (which, notwithstanding anything to the contrary contained in the Plan, may be effected by either establishing a segregated account or establishing book entry accounts, in the sole discretion of the Purchaser and Trustee).

               **5.8.2**    <u>**Deposits**</u>. If a Distribution to any holder of an Allowed Claim is returned as undeliverable or is otherwise unclaimed, such Distribution shall be deposited in a segregated, interest-bearing account, designated as an "Undeliverable Distribution Reserve," for the benefit of such holder until such time as such Distribution becomes deliverable, is claimed, or is deemed to have been forfeited in accordance with the Plan.

               **5.8.3**    <u>**Forfeiture**</u>. Any holder of an Allowed Claim that

does not assert a claim pursuant to the Plan for an Undeliverable or Unclaimed Distribution within six (6) months after the first Distribution is made to such holder shall be deemed to have forfeited its claim for such Undeliverable or Unclaimed Distribution and shall be forever barred and enjoined from asserting any such claim for the Undeliverable or Unclaimed Distribution against the Debtor, the Estate, the Purchaser, or their respective properties or assets. In such cases, any Cash held by the Undeliverable Distribution Reserve for distribution on account of such claims for Undeliverable or Unclaimed Distributions, including the interest that has accrued on such Undeliverable or Unclaimed Distribution while in the Undeliverable Distribution Reserve, shall become the property of the Purchaser, notwithstanding any federal or state escheat laws to the contrary, and shall be available for immediate distribution by the Purchaser according to the terms of the Plan.

        **5.8.4**    **Disclaimer**. The Purchaser and the Trustee and his or her respective agents and attorneys are under no duty to take any action to either (i) attempt to locate any Claim holder, or obtain an executed Internal Revenue Service Form W-9 from any Claim holder.

**5.9**    **Distribution from Undeliverable Distribution Reserve**. Within fifteen (15) Business Days after the holder of an Allowed Claim satisfies the requirements of the Plan, such that the distribution(s) attributable to its Claim is no longer an Undeliverable or Unclaimed Distribution (provided that satisfaction occurs within the time limits set forth in the Plan), the Purchaser shall distribute out of the Undeliverable Distribution Reserve the amount of the Undeliverable or Unclaimed Distribution attributable to such Claim, including the interest that has accrued on such Undeliverable or Unclaimed Distribution while in the Undeliverable Distribution Reserve.

## ARTICLE VI

## PROCEDURES FOR RESOLVING DISPUTED, CONTINGENT, AND UNLIQUIDATED CLAIMS

**6.1 Objection Deadline; Prosecution of Objections**. The Trustee shall File objections to Claims no later than the Claim Objection Deadline, and shall serve such objections upon the holders of each of the Claims to which objections are made. If the Trustee does not File an Objection to a Claim on or before the Claim Objection Deadline, such Claim shall be deemed to be an Allowed Claim. Nothing contained herein shall limit the Trustee's right to object to, or deem to Allow, Claims, if any, Filed or amended after the Claim Objection Deadline. Trustee shall be authorized to resolve all Disputed Claims by withdrawing or settling such objections thereto, or by filing objections thereto in the Bankruptcy Court. If the Trustee and the holder of a Disputed Claim agree to compromise, settle, and/or resolve a Disputed Claim by granting such holder an Allowed Claim,

then the Trustee may compromise, settle, and/or resolve such Disputed Claim without further Bankruptcy Court approval; provided, however, that the Trustee shall File a notice with the Bankruptcy Court advising that the Allowed Claim has been compromised, settled, and/or resolved.

Any Proofs of Claim that are Filed after the applicable Bar Date, including amendments to existing Proofs of Claim, or applications for the allowance of an Administrative Claim that are Filed after the Administrative Claims Initial Bar Date or Administrative Claims Final Bar Date, as applicable, shall be deemed invalid and Disallowed unless consented to by the Trustee or authorized by Order of the Bankruptcy Court.

**6.2** **No Distributions Pending Allowance**. Notwithstanding any other provision of the Plan, no payments or Distribution by the Purchaser or Trustee shall be made with respect to all or any portion of a Disputed Claim unless and until all objections to such Disputed Claim have been settled or withdrawn or have been determined by Final Order, and the Disputed Claim, or some portion thereof, has become an Allowed Claim.

## ARTICLE VII

## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Debtor's unexpired leases are as follows: (1) Commercial Lease Agreement between Lawson Properties, LLC and Debtor, and (2) Lease Agreement between Integrity Land Group and Debtor. On the Effective Date, all of the Debtor' executory contracts and unexpired leases shall be deemed rejected unless such executory contract or unexpired lease: (a) is being assumed pursuant to the Plan or by being identified in the Plan Supplement or any other materials filed with the Bankruptcy Court as an executory contract or unexpired lease being assumed pursuant to the Plan; (b) is the subject of a motion to assume filed on or before the Effective Date; or (c) has been previously assumed or rejected by the Debtor.

Without amending or altering any prior order of the Bankruptcy Court approving the assumption or rejection of any executory contract or unexpired lease, entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of such assumptions pursuant to Sections 365(a) and 1123 of the Bankruptcy Code.

## ARTICLE VIII

## CONDITIONS PRECEDENT TO THE EFFECTIVE DATE.

Each of the following events shall occur on or before the Effective Date; provided, however, the Plan Proponent may waive in writing any or all of the following events, whereupon the Effective Date shall occur without further action by any Person:

(a)   Confirmation Order, in form and substance acceptable to the  Plan Proponent shall have been entered by the Bankruptcy Court and shall not be subject to a stay   and shall have become a Final Order;

(b)   Confirmation Order shall include one or more findings that (i) the Plan  is confirmed with respect to the Debtor, (ii) the Plan Proponent has acted in good faith and in  compliance with the applicable provisions of the Bankruptcy Code as set forth in Bankruptcy Code § 1125(e), and (iii) that Purchaser is a good faith purchaser within the meaning of 11 U.S.C. §  364 (m); that the Acquisition Assets are being sold to Purchaser pursuant to 11 U.S.C. §§ 363(f) and (n), and (iv) the Debtor, Purchaser, and Trustee are authorized to take all actions contemplated under the Plan;

(c)   the Bankruptcy Court shall have determined that the Purchaser, Debtor, and Trustee are or will be duly authorized to take the actions contemplated in the Plan, which approval and authorization may be set forth in the Confirmation Order;

(d)   the Acquisition Note shall have been executed and  become effective; and

(e)   all other consents, actions, documents, instruments certificates, and  agreements provided under, or necessary to implement, the Plan, including documents contained  in Plan Supplement, shall have been obtained and not otherwise subject to unfulfilled  conditions, effected, or executed and delivered, as the case may be, to the required parties and, to  the extent required, filed with the applicable Governmental Authority in accordance with  applicable laws.

## ARTICLE IX

## EFFECTS OF CONFIRMATION

**9.1**      **Discharge**. Pursuant to Section 1141(d)(3) of the Bankruptcy Code, the Confirmation of the Plan will not discharge the Debtor of any debts.

**9.2**      **Legal Binding Effect**. The provisions of the Plan shall bind all holders of Claims  and Interests and their respective successors and assigns, whether or not they accept the Plan. On  and after the Effective Date, except as expressly provided in the Plan, all holders of Claims, Liens  and Interests shall be precluded from asserting any Claim, Cause of Action, or Liens against the  Debtor, the Estate, or Trustee or their respective property   and assets based on any act, omission, event, transaction, or other activity of any kind that occurred  or came into existence prior to the Effective Date.

**9.3**      **Exculpation**. **THE EXCULPATED PARTIES SHALL NEITHER HAVE NOR INCUR ANY LIABILITY TO ANY PERSON FOR ANY ACT TAKEN OR OMITTED TO BE TAKEN IN CONNECTION WITH, OR ARISING OUT OF, THE CASES BETWEEN THE PETITION DATE AND THE EFFECTIVE DATE, REGARDING THE NEGOTIATION, FORMULATION, DISSEMINATION, CONFIRMATION, CONSUMMATION, OR ADMINISTRATION OF THE PLAN, PROPERTY TO BE DISTRIBUTED UNDER THE PLAN, OR ANY OTHER ACT OR OMISSION REGARDING THE PLAN, THE DISCLOSURE**

**STATEMENT, OR ANY CONTRACT, INSTRUMENT, OR OTHER AGREEMENT OR DOCUMENT RELATED TO THE PLAN OR DELIVERED THEREUNDER, OR ANY ACT TAKEN OR OMITTED TO BE TAKEN IN CONNECTION WITH THE LIQUIDATION OF THE DEBTOR; NOTWITHSTANDING THE FOREGOING, NOTHING IN THIS SECTION 9.3 SHALL (A) EXTEND TO SUCH EXCULPATED PARTIES' RIGHTS AND OBLIGATIONS UNDER THE PLAN AND THE CONFIRMATION ORDER OR OTHER ORDERS ENTERED IN THE CASES, OR (B) AFFECT THE LIABILITY OF ANY DEFENDANT IN THE TRANSFEREE ADVERSARY PROCEEDING OR ANY PERSON FOR ANY ACT OR OMISSION TO THE EXTENT THAT SUCH ACT OR OMISSION IS FOUND BY A COURT OF COMPETENT JURISDICTION IN A FINAL ORDER TO HAVE CONSTITUTED ACTUAL OR CONSTRUCTIVE FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE. THE FOREGOING EXCULPATION SHALL BE EFFECTIVE AS OF THE EFFECTIVE DATE WITHOUT FURTHER NOTICE TO OR ORDER OF THE BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW, REGULATION, ORDER, OR RULE OR THE VOTE, CONSENT, AUTHORIZATION OR APPROVAL OF ANY PERSON.**

        9.4    **Insurance**. Notwithstanding anything to the contrary in the Plan, neither the confirmation and consummation of the Plan shall affect insurance policies of the Debtor or its current or former directors and officers (including, but not limited to, director and officer liability policies to the extent that the Debtor or its current or former directors and officers have any rights under such policies) in which the Debtor or its current or former directors and officers are or were an insured party or any Claim as settled thereunder. Each insurance company is prohibited from denying, refusing, altering or delaying coverage for the Debtor (or their current or former directors and officers) on any basis regarding or related to the Debtor's Case, the Plan or any provision within the Plan, including the treatment or means of liquidation set out within the Plan for insured Claims.

## ARTICLE X

## RETENTION OF JURISDICTION

        10.1  **Retention**. Pursuant to Sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding entry of the Confirmation Order and occurrence of the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the Case and the Plan to the fullest extent permitted by law, including, among other things, jurisdiction to:

        (a) allow, disallow, determine, liquidate, classify, estimate or establish the priority or secured or unsecured status of any Claim or Interest, including the resolution of any application or request for payment of any Administrative Claim, and the resolution of any objections to the allowance or priority of Claims or Interests;

        (b) hear and determine all Fee Applications;

        (c) determine any and all adversary proceedings, motions, applications, and contested or litigated matters, including, but not limited to, all Causes of Action, and consider and act upon the compromise and settlement of any Claim against, or Causes of Action on behalf of,

the Trustee;

(d) enter such orders as may be necessary or appropriate to construe, execute, implement, or consummate the provisions of the Plan, any and all adversary proceedings, motions, applications, and contested or litigated matters, including, but not limited to, all Causes of Action, and consider and act upon the compromise and settlement of any Claim against, or Causes of Action on behalf of, the Trustee, and all property, contracts, instruments, releases, and other agreements or documents transferred, vested, or created in connection therewith;

(e) hear and determine disputes arising in connection with the interpretation, implementation, consummation, or enforcement of the Plan, the Confirmation Order, any transactions or payment contemplated hereby, or any disputes arising under agreements, documents or instruments executed in connection therewith;

(f) consider any modifications of the Plan, the Disclosure Statement, in each case to the extent requiring the approval of the Bankruptcy Court, cure any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including the Confirmation Order;

(g) issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any Person with the implementation, consummation, or enforcement of the Plan, the Confirmation Order, or any other order of the Bankruptcy Court;

(h) hear and determine any matters arising in connection with or relating to the Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, or other agreement or document created in connection with the Plan, the Disclosure Statement or the Confirmation Order;

(i) enforce all orders, judgments, injunctions, releases, exculpations, indemnifications and rulings entered in connection with the Cases;

(j) hear and determine matters concerning state, local, and federal taxes in accordance with Sections 346, 505 and 1146 of the Bankruptcy Code (including the expedited determination of taxes under Section 505(b) of the Bankruptcy Code;

(k) hear and determine all matters related to the property of the Estates or the Debtor from and after the Effective Date;

(l) hear and determine such other matters as may be provided in the Confirmation Order and as may be authorized under the provisions of the Bankruptcy Code;

(m) hear and determine all matters with respect to the assumption or rejection of executory contracts or unexpired leases and the allowance of cure amounts;

(n) enter, implement or enforce such orders as may be appropriate in the event the

Confirmation Order is for any reason stayed, reversed, revoked, modified or vacated;

(o) hear and determine any other matters related to the Plan and not inconsistent with the Bankruptcy Code;

(p) determine any other matters that may arise in connection with or are related to the Plan, the Disclosure Statement, the Disclosure Statement Order, the Confirmation Order, any of the Plan Documents, or any other contract, instrument, release or other agreement or document related to the Plan or the Disclosure Statement;

(q) hear any other matter not inconsistent with the Bankruptcy Code; and

(r) enter final decrees closing the Case.

## ARTICLE XI

## MISCELLANEOUS PROVISIONS

**11.1** **Revocation, Withdrawal or Non-Consummation**. The Plan Proponent reserve the right to revoke or withdraw the Plan prior to the Confirmation Date and to file any amended or subsequent plans. If Confirmation does not occur, or if the Effective Date does not occur on or prior to 120 days after the Confirmation Date, then (a) the Plan shall be null and void in all respects, (b) settlements or compromises embodied in the Plan (including the fixing or limiting to an amount certain of any Claim or Class of Claims), assumptions or rejections of executory contracts or unexpired leases affected by the Plan, and any documents or agreements executed pursuant to the Plan, shall be deemed null and void, and (c) nothing contained in the Plan or the Disclosure Statement shall (i) constitute a waiver or release of any Claims by or against, or any Interests in, the Debtor or any other Person, (ii) prejudice in any manner the rights of the Plan Proponent or any other Person, or (iii) constitute an admission of any sort by the Plan Proponent or any other Person.

**11.2** **Severability of Plan Provisions**. If, prior to Confirmation, any term or provision of the Plan is held by the Bankruptcy Court to be invalid, void, or unenforceable, the Bankruptcy Court, at the request of the Plan Proponent, shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions of the Plan shall remain in full force and effect and shall in no way be affected, impaired or invalidated by such holding, alteration, or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may be altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

**11.3** **Exemption from Transfer Taxes and Recording Fees**. In accordance with Section

1146(a) of the Bankruptcy Code, none of the issuance, transfer, or exchange of any securities under the Plan, the release of any mortgage, deed of trust, or other Lien, the making, assignment, filing, or recording of any lease or sublease, the vesting or transfer of title to or ownership of any of the Debtor's interests in any property, or the making or delivery of any deed, bill of sale or other instrument of transfer under, in furtherance of, or in connection with the Plan shall be subject to any document recording tax, stamp tax, conveyance fee, sales or use tax, bulk sale tax, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, or other similar tax or governmental assessment in the United States. The Confirmation Order shall direct the appropriate federal, state, and/or local governmental officials or agents to forgo the collection of any such tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

**11.4  Expedited Tax Determination**. The Trustee may request an expedited determination of taxes under Section 505(b) of the Bankruptcy Code for all returns filed for or on behalf of the Debtor for all taxable periods through the Effective Date.

**11.5  Interest Accrual**. Except with respect to and only to the extent permitted by bankruptcy law and applicable law as to Secured Claims, no post-petition interest shall accrue on any Claim (including, but not limited to, Allowed Administrative Claims) or scheduled liability.

**11.6  Rules of Interpretation; Computation of Time**. For purposes of the Plan, (a) any reference in the Plan to a contract, instrument, release, indenture, or other agreement or document as being in a particular form or containing particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions, (b) any reference in the Plan to an existing document or exhibit Filed or to be Filed means such document or exhibit as it may have been or may be amended, modified, or supplemented, (c) unless otherwise specified, all references in the Plan to Sections, Articles, and Exhibits, if any, are references to Sections, Articles, and Exhibits of or to the Plan, (d) the words "herein" and "hereto" refer to the Plan in its entirety rather than to a particular portion of the Plan, (e) the words "include", "includes" or "including" shall be deemed to be followed by the words "without limitation", whether or not they are in fact followed by those words or words of like import, (f) captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan, and (g) the rules of construction set forth in Section 102 of the Bankruptcy Code and in the Bankruptcy Rules shall apply. In computing any period of time prescribed or allowed by the Plan, unless otherwise specifically designated herein, the provisions of Section 9006(a) of the Bankruptcy Code shall apply. All references to immediately available funds, dollar amounts, or Cash Distributions contained in the Plan shall mean United States dollars.

**11.7  The Acquisition Assets Are Not A Successor**. Save and except as needed to comply with Section 1145 of the Bankruptcy Code as specified in the Plan, the Acquisition Assets, and its successors, or assigns shall not be deemed, as a result of actions taken in connection with the Plan, to be a successor to the Debtor or a continuation or substantial continuation of the Debtor or any enterprise of the Debtor. The Acquisition Assets shall be deemed to be a

successor to the Debtor only to the limited extent needed to comply with Section 1145 of the Bankruptcy Code as specified in the Plan and for no other reason under any state or federal law.

**11.8  Plan Supplement**. Any and all exhibits, lists, or schedules not filed with the Plan or the Disclosure Statement shall be contained in the Plan Supplement acceptable to the Plan Proponent and filed with the Clerk of the Bankruptcy Court not later than twelve (12) days prior to the Confirmation Hearing or such other filing deadline as may be approved by the Bankruptcy Court. Holders of Claims and Interests may also obtain a copy of the Plan Supplement upon written request to the Debtor. Notwithstanding the foregoing, the Debtor, may amend the Plan Supplement, and any attachments thereto, through and including the Confirmation Date.

**11.9  Reservation of Rights**. The Plan shall have no force or effect unless the Bankruptcy Court shall enter the Confirmation Order. Prior to the Effective Date, none of the filing of the Plan, any statement or provision contained herein, nor the taking of any action by the Plan Proponent with respect to the Plan shall be or shall be deemed to be an admission or waiver of any rights of the Plan Proponent of any kind, including with respect to the holders of Claims or Interests or as to any treatment or classification of any contract or lease.

**11.10  Further Assurances**. The Plan Proponent, all holders of Claims receiving Distributions hereunder, and all other parties in interest may and shall, from time to time, prepare, execute and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of the Plan.

**11.11  Successors and Assigns**. The Plan and all rights, benefits, and obligations of any Person named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor, or assign of such Person.

**11.12  Notice of Effective Date**. On or before five Business Days after the occurrence of the Effective Date, the Trustee shall mail or cause to be mailed to all holders of Claims or Interests that are not Disallowed Claims a notice that informs such Persons of (a) the entry of the Confirmation Order, (b) the occurrence of the Effective Date, and (c) such other matters as the Trustee deems appropriate or as may be ordered by the Bankruptcy Court.

**11.13  Entire Agreement**. The Plan and the Plan Documents set forth the entire agreement and understanding among the parties in interest relating to the subject matter hereof and supersede all prior discussions and documents.

**11.14  Waiver of Stay**. Notwithstanding Bankruptcy Rules 3002(e), 6004(h), and 6006(d), the Debtor shall be authorized to consummate the Plan and the transactions and transfers contemplated hereby immediately after entry of the Confirmation Order.

## ARTICLE XII

## MODIFICATION OF THE PLAN

The Plan Proponent may alter, amend, or modify the Plan or any Plan Documents pursuant to Section 1127(a) of the Bankruptcy Code at any time prior to the Confirmation Date. After the Confirmation Date and prior to the Effective Date, the Plan Proponent may, pursuant to Section 1127(b) of the Bankruptcy Code, (i) amend the Plan so long as such amendment shall not materially and adversely affect the treatment of any holder of a Claim, (ii) institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement, or the Confirmation Order, and (iii) amend the Plan as may be necessary to carry out the purposes and effects of the Plan so long as such amendment does not materially or adversely affect the treatment of holders of Claims or Interests under the Plan, provided, however, prior notice of any amendment shall be served in accordance with the Bankruptcy Rules or Order of the Bankruptcy Court.

## ARTICLE XIII

## CONFIRMATION REQUEST

The Plan Proponent requests Confirmation of the Plan under Section 1129 of the Bankruptcy Code. If any Impaired Class does not accept the Plan pursuant to Section 1126 of the Bankruptcy Code, the Plan Proponent request Confirmation pursuant to Section 1129(b) of the Bankruptcy Code. In that event, the Plan Proponent reserve the right to modify the Plan in accordance with Article XIV hereof to the extent (if any) that Confirmation of the Plan under Section 1129(b) of the Bankruptcy Code requires modification.

[*Remainder of Page Intentionally Left Blank*]

DATED: July 28, 2023.


By:  _/s/ Jay Roderick_____
      Jay Roderick, Chapter 11 Trustee
      *Original signatures on file*.


Reviewed and Approved:


By:  _/s/ John C. Smiley_____
      John C. Smiley


By:  _/s/ Katharine S. Sender_____
      Katharine S. Sender