IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PEAK SERUM, INC. | ) | Case No. 19-19802-JGR |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |

**CHAPTER 7 TRUSTEE'S LIMITED OBJECTION TO JAY RODERICK'S FINAL APPLICATION FOR ALLOWANCE OF FEES AND EXPENSES FOR THE PERIOD FROM DECEMBER 11, 2020, THROUGH AUGUST 29, 2023, AND MOTION FOR CHAPTER 11 ADMNISTRATIVE CLAIM**

Simon E. Rodriguez, the Chapter 7 trustee herein (the "Trustee"), by his attorneys Sherman & Howard L.L.C., for his limited objection to Jay Roderick's Final Application for Allowance of Fees and Expenses for the Period from December 11, 2020, through August 29, 2023, and Motion for Chapter 11 Administrative Claim (Docket No. 670) (the "Final Roderick Fee Application"), states as follows:

1. On November 2, 2023, Jay Roderick, in his capacity as the chapter 11 trustee in the above-captioned bankruptcy case (the "Chapter 11 Trustee" or "Mr. Roderick"), filed Jay Roderick's Final Application for Allowance of Fees and Expenses for the Period from December 11, 2020, through August 29, 2023, and Motion for Chapter 11 Administrative Claim (Docket No. 612) (the "Original Roderick Fee Application"). After discussions between the Chapter 7 Trustee's counsel and Mr. Roderick, Mr. Roderick obtained several extensions of time to supplement the Original Roderick Fee Application with additional information. (Docket Nos. 643, 647, 651, 653, 660, and 661.) On December 26, 2023, Mr. Roderick filed the Final Roderick Fee Application.

2. Generally, a chapter 7 trustee is not in a position to question the reasonableness and necessity of fees requested by chapter 11 professionals because the chapter 7 trustee was not involved in the chapter 11 case. Notwithstanding these inherent limitations on a chapter 7 trustee's review of fee applications filed by chapter 11 professionals, the Trustee has three principal objections to the Final Roderick Fee Application.

3. First, the Trustee is currently reviewing several issues that may cause damage to the bankruptcy estate based on the possible failure to take certain actions while the case was in chapter 11. Among other things, the Trustee is reviewing whether all required sales tax returns and sales taxes were paid, whether all required payroll reports were filed and withholding taxes paid, and whether all 401(k) plan contributions were paid and reports filed. In addition, the Trustee is reviewing the need to file income tax returns and who should file such returns for the time period before the case was converted to chapter 7.

58075373.1

4. Second, based on his investigation to date, including the review of proof of claim number 17 filed by Michael Dodge, the Trustee understands that Mr. Roderick approved reimbursement to Michael Dodge of rent payments for a property Mr. Dodge leased in his own name while the case was in chapter 11. In his proof of claim. Mr. Dodge asserts he has a claim for the payments owed under the lease in the amount of $20,300.00. This arrangement was not approved by the bankruptcy court. Upon information and belief, Mr. Roderick discussed this situation with his counsel while the case was in chapter 11. The Chapter 7 Trustee submits that this arrangement required bankruptcy court approval because it was not an ordinary course transaction.

5. To be clear, the Trustee at this time has not determined whether the estate has been damaged by any of the above issues. He is working with appropriate parties to try to resolve the outstanding issues. Assuming the Trustee determines the estate was damaged after he completes his investigation, the Trustee submits that any compensation to be awarded to Mr. Roderick should be reduced by an appropriate amount.

6. Third, the Trustee also objects because the Final Roderick Fee Application does not provide a narrative of work performed by category of major significance as required by LBR 2016-(a)(2)(B) and (C). In this case, the Chapter 11 Trustee seeks compensation for a time period that spans approximately 32 months during which several significant matters were addressed. The Chapter 11 Trustee should provide some approximate allocation of time spent on different matters.

7. The Trustee reserves the right to supplement this Limited Objection.

**WHEREFORE**, the Trustee respectfully requests that the Court deny the Final Roderick Fee Application and take such other action as is appropriate under the circumstances.

Dated January 5, 2024.

Respectfully submitted,

SHERMAN & HOWARD L.L.C.

/s/ Peter A. Cal
Peter A. Cal, Esq., #27779
675 Fifteenth Street, Suite 2300
Denver, Colorado 80202
Phone: 303 297-2900
Fax: 303 298-0940
E-Mail: petercal@shermanhoward.com

Attorneys for Simon E. Rodriguez, as the Chapter 7 Trustee

2

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 5th day of January, 2024, I electronically filed the foregoing **CHAPTER 7 TRUSTEE'S LIMITED OBJECTION TO JAY RODERICK'S FINAL APPLICATION FOR ALLOWANCE OF FEES AND EXPENSES FOR THE PERIOD FROM DECEMBER 11, 2020, THROUGH AUGUST 29, 2023, AND MOTION FOR CHAPTER 11 ADMNISTRATIVE CLAIM** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Kelsey Jamie Buechler, Esq.<br>jamie@kjblawoffice.com | Aaron A. Garber, Esq.<br>agarber@wgwc-law.com |
| US Trustee<br>USTPRegion19.DV.ECF@usdoj.gov | Alison Goldenberg, Esq.<br>Alison.Goldenberg@usdoj.gov |
| Theodore J. Hartl, Esq.<br>hartlt@ballardspahr.com | Carson Heninger, Esq.<br>Annette W. Jarvis, Esq.<br>heningerc@gtlaw.com<br>JarvisA@gtlaw.com |
| Kimberly L. Martinez, Esq.<br>Kimberly.Martinez@stewart.com | Barry Meinster, Esq.<br>bmeinster@meinster.com |
| David M. Miller, Esq.<br>dmiller@spencerfane.com | Peter Q. Murphy, Esq.<br>pmurphy@markuswilliams.com |
| Andrew B. Reid, Esq.<br>andrew@reid.law | Michael C. Payne, Esq.<br>mpayne@cp2law.com |
| Thor Rood, Esq.<br>Thor@SummaLifeSciences.com | Simon E. Rodriguez, Esq.<br>lawyercolo@aol.com |
| John Smiley, Esq.<br>jsmiley@smileytrustee.com | Katharine S. Sender, Esq.<br>ksender@cohenlawyers.com |
| Timothy M. Swanson, Esq.<br>tim.swanson@moyewhite.com | John C. Smiley, Esq.<br>jsmiley@sendersmiley.com |
| Deanna L. Westfall, Esq.<br>deanna.westfall@coag.gov | Gabrielle G. Palmer, Esq.<br>gpalmer@OFJlaw.com |

                s/ Roberta Neal